UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
─────────────────────────────────

KRISTIN GAMBELL, RAMON ANGELES, and RICK ZAMBRANO individually and on behalf of all others similarly situated,

                          Plaintiffs,

            – against –

BUTTERFIELD MARKET AND CATERING, ALAN OBSATZ, EVAN OBSATZ, and JOELLE OBSATZ,

                          Defendants.

**OPINION AND ORDER**
19 Civ. 5058 (ER)

Ramos, D.J.:

On May 30, 2019, plaintiffs Kristin Gambell, Ramon Angeles, and Rick Zambrano ("Plaintiffs") brought the above-captained action against Butterfield Market and Catering, Alan Obsatz, Evan Obsatz, and Joelle Obstaz (collectively, "Defendants") for failure to pay overtime compensation, failure to pay overtime premiums, and failure to furnish accurate wage statements and notices in violation of the Fair Labor Standards Act ("FLSA") and New York labor Law ("NYLL"). Doc. 2. Plaintiff has submitted an application for the Court to approve the parties' Settlement Agreement (the "Agreement"). Doc. 35. For the reasons set forth below, the application is denied.

In this Circuit, parties cannot privately settle FLSA claims with prejudice absent the approval of the district court or the Department of Labor. *See Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 200 (2d Cir. 2015). The parties therefore must satisfy the Court that their agreement is "fair and reasonable." *Beckert v. Ronirubinov*, No. 15 Civ. 1951 (PAE), 2015 WL 8773460, at *1 (S.D.N.Y. Dec. 14, 2015).

> In determining whether the proposed settlement is fair and reasonable, a court should consider the totality of circumstances, including but not limited to the following factors:  (1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion.

*Felix v. Breakroom Burgers & Tacos*, No. 15 Civ. 3531 (PAE), 2016 WL 3791149, at *2 (S.D.N.Y. Mar. 8, 2016) (quoting *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012)).

The Agreement provides for a total settlement of $50,000, and Plaintiffs retain $34,500 of the total amount.  Agreement ¶ 7.  Gambell is to receive $13,500; Angeles is to receive $13,500; and Zambrano is to receive $7,500.  *Id.*  The Court is satisfied that the parties have adequately justified the dollar amounts constituting the settlement.  Counsel's estimated range of recovery was $21,060.49 for Gambell, $29,535.18 for Angeles, and $3,622.51 for Zambrono.  Doc. 35 at 3.  However, Plaintiffs Gambell and Angeles faced greater risk at trial, "given their hybrid employment structures and possible FLSA exemption defenses."  *Id.*  The Court finds that the explanation of how the payments have been reduced to account for litigation risks and potential defenses is reasonable.  Additionally, the arms-length settlement was reached with the assistance of a neutral mediator.  *Id.* at 4.

Regarding the reasonableness of attorneys' fees requested, the Court looks to "the lodestar—the product of a reasonable hourly rate and the reasonable number of hours required by the case–which creates a presumptively reasonable fee."  *Zhang v. Lin Kumo Japanese Rest., Inc.*, No. 13 Civ. 6667 (PAE), 2015 WL 5122530, at *2 (S.D.N.Y. Aug. 31, 2015) (quoting *Stanczyk v. City of New York*, 752 F.3d 273, 284 (2d Cir. 2014)).  Under the proposed settlement agreement, Plaintiffs' attorneys will retain $15,500, thirty-one percent of the total settlement

amount.  In line with the requirements for FLSA settlement approval in this Circuit, Plaintiffs' counsel has submitted billing records detailing the type of work performed and hours logged by each attorney or staff member in this matter so that the Court may calculate reasonable fees under the "lodestar" method.  *See Garcia v. Jambox, Inc.*, No. 14 Civ. 3504 (MHD), 2015 WL 2359502, at *6 (S.D.N.Y. Apr. 27, 2015) ("In this circuit, a proper fee request entails submitting contemporaneous billing records documenting, for each attorney, the date, the hours expended, and the nature of the work done.  That requirement extends to parties seeking approval of a settlement that allocates a portion of the proceeds to the attorney." (internal quotation marks and citations omitted)); *see also Beckert*, 2015 WL 8773460, at *2 (evaluating the reasonableness of plaintiff's request for fees of one-third of the settlement amount by reviewing the reasonable hours worked multiplied by reasonable hourly rates, *i.e.* the lodestar method).

Here, Plaintiff's counsel's lodestar calculation is $10,675.00 and $813.40 in costs.  Doc. 35, Exs. 2, 3.  This work includes drafting, calculating damages, attending mediation, and settlement negotiations.  The total amount of hours billed by all individuals is 40.9.  Doc. 35, Ex. 3.  The Court is satisfied with the billing rates that counsel assigned to each biller and the number of hours spent for each task.[1]  Based on these sums, the Court finds that the requested attorneys' fees and costs of $15,500 are objectively reasonable.

However, the Agreement contains a provision that purports to forever bar Plaintiffs from seeking employment with "Defendants or any of its current or future parents, subsidiaries, and affiliated entities."  Agreement ¶ 9.  This is a "highly restrictive . . . provision[] . . . in strong

---

[1] The lodestar amount was calculated at a rate of $500 an hour for attorney Chris Davis , $400 an hour for attorney Mariyam Hussain, $350 an hour for attorney Rachel Haskell, and $100 an hour for the law clerk and paralegal.

tension with the remedial purposes of the FLSA." *Cheeks*, 796 F.3d at 206 (internal quotations marks and citations omitted). The Court will not approve an agreement with such a provision.

Furthermore, "the language of the proposed releases is far too sweeping to be 'fair and reasonable,'" because "[t]hey purport to waive practically any possible claim against the defendants, including unknown claims and claims that have no relationship whatsoever to wage-and-hour issues." *Lopez v. Nights of Cabiria*, 96 F. Supp. 3d 170, 181 (S.D.N.Y. 2015). By way of example, under the Agreement, "each Plaintiff [releases[2]] (i) claims under federal, state or local laws, statutes, constitutions, regulations, rules, ordinances or orders," as well as all "claims for overtime, commissions, and unpaid wages," etc., that "have arisen or, or prior to, the date of th[e] Agreement." Agreement ¶ 5. It also prohibits Plaintiffs from "re-fil[ing] . . . any other causes of action against Defendants arising from employment-related or other matters that . . . could have been encompassed or raised in the Pending Action," and from "institut[ing] any action against any Defendant in any court or other forum based on facts existing prior to the date of this Agreement," *Id.* ¶ 3. The Court will not approve an overbroad release that purports to "erase all liability whatsoever"; a proper release in a FLSA case can only "waive[] claims relating to the existing suit."[3] *Nights of Cabiria*, 96 F. Supp. 3d at 181.

The Court will not approve the Agreement as currently written. The parties may proceed in one of the following ways:

1. File a revised settlement agreement on or before **October 23, 2019** that does not include a provision forever barring Plaintiff from working in or applying for a position with Defendants, and that removes or tailors the release provisions as described in this Order; or

---

[2] This term is missing from the Agreement, but the Court assumes it was the parties' intention to include it.

[3] A proper release cannot "extend[] beyond the *claims at issue in this action*." *Martinez v. Gulluoglu LLC*, No. 15 Civ. 2727 (PAE), 2016 WL 206474, at *2 (S.D.N.Y. Jan. 15, 2016) (emphasis added).

2. File a joint letter on or before **October 23, 2019** that indicates the parties' intention to abandon settlement and continue to trial, at which point the Court will reopen the case and set down a date for a pre-trial conference.

3. Stipulate to dismissal of the case *without* prejudice, which the Court need not approve under current Second Circuit case law. *See Cheeks*, 796 F.3d at 201 n.2.

SO ORDERED.

Dated:   October 9, 2019
         New York, New York

                                                    _____
                                                    Edgardo Ramos, U.S.D.J.